IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODOLFO C. ANDERSON,

    Plaintiff,                            Case No. 1:07-cv-00715 ALA (P)

vs.

DR. TALISMAN, *et al.*,              ORDER TO SHOW CAUSE

    Defendants.

_____/

    Under Rule 8(b) of the Federal Rules of Civil Procedure, when a party responds to a complaint, he or she must "admit or deny the allegations." Fed. R. Civ. P. 8(b). "When a pleader intends in good faith to deny only a part or a qualification of an averment, the pleader shall specify so much of it as is true and material and shall deny only the remainder." *Id.* An answer is subject to Rule 11 of the Federal Rules of Civil Procedure. Rule 11 provides "[b]y presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information and belief, *formed after an inquiry reasonable under the circumstances*: . . . the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or lack of information." Fed. R. Civ. P. 11(b)(4) (emphasis added). "[A]n answer asserting want of knowledge sufficient to form a belief as to

1

1  the truth of facts alleged in a complaint does not serve as a denial if the assertion of ignorance is
2  obviously a sham. In such circumstances the facts alleged in the complaint stand admitted."
3  *Harvey Aluminum (Inc.) v. NLRB*, 335 F.2d 749, 757 (9th Cir. 1964)
4      In Defendant Talisman, M.D.'s ("Defendant" or "Dr. Talisman") answer ("Answer")
5  (No. 18), there are two admissions:[1]
6      1.    "Defendant admits that there is a grievance system at Plaintiff's institution, that
7          Plaintiff filed a grievance concerning some of the facts relating to this complaint,
8          and that Plaintiff did complete the grievance process."  Answer ¶ 2.
9      2.    "Defendant admits that Defendant is an employee of the California Department of
10         Corrections and Rehabilitation (CDCR)."  *Id.* ¶ 3.
11     Dr. Talisman denies the remaining allegations primarily on the basis that she "lacks
12 knowledge or information sufficient to form a belief about the truth of these allegations."  *See*
13 *Id.* ¶ 1, 2, 3, and 4.  Thus, Dr. Talisman denies knowledge of the following allegations made by
14 Plaintiff Rodolfo C. Anderson ("Anderson"):
15     1.    Anderson was admitted into CSP-COR Acute Care Hospital due to paranoid
16         thoughts.  Complaint ("Compl.") (No. 1) at 6 ¶ 1.
17     2.    A nurse came to Anderson's cell with a small cup containing a liquid and advised
18         Anderson to drink it.  *Id.* at 6 ¶ 3-4.
19     3.    Correctional officers took Anderson to Dr. Talisman's office.  *Id.* at 7 ¶ 6.
20     4.    Dr. Talisman and a nurse were seated in Dr. Talisman's office.  *Id.* at 7 ¶ 7.

---

[1] The Answer fails to organize its responses to the Complaint in a logical way. Paragraphs 1-5 of the Answer purport to respond to parts I-V of the Plaintiff's complaint. However, this is not the manner in which Anderson's complaint is organized.  This makes it difficult, and in most cases impossible, to determine what allegations Dr. Talisman's responses relate to.

5. Dr. Talisman and Anderson had a conversation in which she ordered involuntary medication three times a day for three days. *Id.* at 7 ¶ 8.

6. Anderson was taken back to his cell and given psychotropic medication ordered by Dr. Talisman. *Id.* at 7 ¶ 9.

7. Anderson received this medication three times on August 9, 2006, once on August 10, 2006, and once on August 30, 2006. *Id.* at 7 ¶ 9-11.

8. Anderson was not advised of the side-effects of the medication. *Id.* at 8 ¶ 12.

9. Anderson experienced effects from the medication including nausea, delusions, slurred speech, hallucination, and the inability to stand. *Id.* at 8 ¶ 13.

10. Anderson was in this state for 32 hours. *Id.* at 8 ¶ 14.

Under California law, an institution's chief psychiatrist or chief medical officer "shall ensure a log is maintained in which is recorded each occasion of involuntary treatment of any inmate." Cal. Code Regs. tit. 15, § 3351 (2007). Consultation with this required record would have likely provided a basis to admit or deny Anderson's allegations. Further, while it could be true that Dr. Talisman does not have knowledge of the allegations Anderson makes, it seems unlikely because the allegations relate to events in which Dr. Talisman either allegedly effected or participated in. Most of these allegations involve what would be first-hand knowledge of Dr. Talisman and, thus, they should be admitted or denied. "A denial must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). Moreover, if part of an allegation is denied, a party "must admit the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(4). Dr. Talisman's attorney was required to conduct a reasonable investigation into the facts alleged by Anderson. Fed. R. Civ. P. 11. It appears that this investigation did not occur.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant show cause, on or before November 3, 2008, as to how she could lack knowledge of the allegations above; and

3

2.  If any of the above allegations are subsequently admitted or denied on the basis of first-hand knowledge, Defendants show cause, on or before November 3, 2008, why the facts in the Complaint should not stand as admitted or why sanctions should not be imposed.[2]

DATED: October 20, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

---

[2] The Court also refers Defendant's counsel to Local Rule 7-131 and directs Defendants' counsel to comply with this rule requiring that, "[t]he . . . California State Bar membership number *of all counsel . . . shall appear in the upper left-hand corner of the first page of each document presented for filing . . . .*" (emphasis added). See E.D. Cal. R. 7-131(a).