IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODOLFO C. ANDERSON,

      Plaintiff,                    Case No. 1:07-cv-00715 ALA (P)

      vs.

DR. TALISMAN,                     AMENDED SCHEDULING ORDER

      Defendant.

_____/

      This Amended Scheduling Order replaces and supercedes the Scheduling Order entered on January 8, 2009 (Doc. No. 32).

      On December 15, 2008, Defendant, Dr. Talisman ("Defendant"), filed an Answer (Doc. No. 31) in response to Plaintiff's Amended Complaint (Doc. No. 27). On January 20, 2009, Defendant filed a motion for leave to file an amended answer (Doc. No. 34). This Court gave Plaintiff, Rodolfo C. Anderson ("Plaintiff") until February 10, 2009 to file a response, if any. If this Court grants the Defendant's motion to amend the answer, it will not impact the dates in this Amended Scheduling Order.

      Pursuant to Rules 1, 16, and 26-36 of the Federal Rules of Civil Procedure, discovery shall proceed in accordance with this order. Additionally, a schedule for this litigation is set forth below.

Should this matter proceed to trial, the parties are required to file pretrial statements. In addition to the matters required to be addressed in the pretrial statement in accordance with Local Rule 16-281, Plaintiff will be required to make a particularized showing in the pretrial statement to obtain the attendance of witnesses at trial. Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in the pretrial statement.

At the trial of this case, Plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit. In general, there are two kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses. It is Plaintiff's responsibility to produce all of the evidence to prove the claims, whether that evidence is in the form of exhibits or witness testimony. If Plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

**I.     Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily**

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this Court orders the warden or other custodian to permit the witness to be transported to court. This Court will not issue such an order unless it is satisfied that:

  1.   The prospective witness is willing to attend; **and**

  2.   The prospective witness has actual knowledge of relevant facts.

With the pretrial statement, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial. The motion must:

  1.   State the name, CDCR Identification number, and address of each such witness; **and**

  2.   Be accompanied by affidavits showing that each witness is willing to

testify and that each witness has actual knowledge of relevant facts.

The willingness of the prospective witness can be shown in one of two ways:

1.  The party can swear by affidavit that the prospective witness has informed the party that he is willing to testify voluntarily without being subpoenaed. The party must state in the affidavit when and where the prospective witness informed the party of this willingness; **or**

2. The party can serve and file an affidavit sworn to by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways:

1. The party can swear by affidavit that the prospective witness has actual knowledge. However, this can be done only if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts. For example, if an incident occurred in the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and observed the incident, the plaintiff may swear to the cellmate's ability to testify.

Or,

2. The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the affidavit is made by the plaintiff or by the prospective witness, it must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

This Court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, this Court will issue the order necessary to cause the witness's custodian to bring the witness to court.

### II. Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pretrial statement a motion for the attendance of such witnesses. Such motion should be in the form described above. Additionally, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

### III. Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily

It is the responsibility of the party who has secured an unincarcerated witness's voluntary attendance to notify the witness of the time and date of trial. No action need be sought or obtained from this Court.

### IV. Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, not earlier than four weeks and not later than two weeks before trial, the party must prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the witness. Subpoena forms may be obtained from the Clerk of the Court. Also, the party seeking the witness's presence must tender an appropriate sum of money to the witness through the United States Marshal. In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness's travel expenses.

A subpoena will not be served by the United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00, and a copy

of this Court's order granting Plaintiff *in forma pauperis* status. Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even though Plaintiff was granted leave to proceed *in forma pauperis* on June 8, 2007. (Doc. 5).

IT IS HEREBY ORDERED that:

1. Discovery requests shall be served by the party seeking discovery on all parties to the action.[1] Discovery requests shall not be filed with this Court except when required by Local Rules 30-250(a), 33-250(c), 34-250(c) and 36-250(c);

2. Responses to written discovery requests shall be due forty-five days after the request is served;

3. The parties are cautioned that filing of discovery requests or responses, except as required by rule of court, may result in an order of sanctions, including, but not limited to, a recommendation that the action be dismissed or the answer stricken;

4. Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, Defendant may depose plaintiff and any other witness confined in a prison upon condition that, at least fourteen days before such a deposition, Defendant serve all parties with the notice required by Fed. R. Civ. P. 30(b)(1); and

5. If disputes arise about the parties' obligations to respond to requests for discovery, the parties shall comply with all pertinent rules including Rules 5, 7, 11, 26, and 37 of the Federal Rules of Civil Procedure and Rules 5-134, 5-135, 6-136, 7-130, 7-131, 11-110, 43-142, and 78-230(m) of the Local Rules of Practice for the United States District Court, Eastern District of California; unless otherwise ordered, Local Rule 37-251 shall not apply. Filing of a discovery

---

[1] If an attorney has filed a document with the court on behalf of any defendant, then plaintiff must serve documents on that attorney and not on the defendant. *See* Fed. R. Civ. P. 5(b).

motion that does not comply with all applicable rules may result in imposition of sanctions, including but not limited to denial of the motion.

6. The parties may conduct discovery until **March 4, 2009**. Any motions necessary to compel discovery shall be filed by **March 11, 2009**.

7. All pretrial motions, except motions to compel discovery, shall be filed on or before **April 15, 2009**. Motions shall be briefed in accordance with paragraph 2 of this Court's Second Informational order filed concurrently with this scheduling order.

8. Plaintiff shall file and serve his pretrial statement and any motions necessary to obtain the attendance of incarcerated witnesses at trial on or before **April 29, 2009**.

9. Plaintiff shall file and serve his pretrial statement, if not previously filed with motions to obtain the attendance of incarcerated witnesses at trial, and any motions necessary to obtain the attendance of unincarcerated witnesses at trial on or before **May 13, 2009**. Defendant shall file their pretrial statement on or before **May 20, 2009**. The parties are advised that failure to file a pretrial statement may result in the imposition of sanctions, including dismissal of this action.

10. Pretrial conference (as described in Local Rule 16-282) is set in this case for **May 27, 2009**. The pretrial conference shall be conducted on the file only, without appearance by either party.

11. This matter is set for jury trial before the Honorable Arthur L. Alarcón on **June 17, 2009** at 1:30 p.m. in Courtroom 8.

DATED: January 20, 2009

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT  JUDGE
Sitting by Designation