IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODOLFO C. ANDERSON,

    Plaintiff,                            Case No. 1:07-cv-00715 ALA (P)

    vs.

DR. TALISMAN,                             ORDER

    Defendant.

_____/

        Plaintiff Rodolfo C. Anderson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. On January 22, 2009, Plaintiff filed a "Motion for Continuance of all Proceedings and Request for Postponement Consideration of Defendant's Motion for Summary Judgment" (Doc. No. 39). In this motion, Plaintiff explains that he currently is in administrative segregation as a patient in the mental health delivery system, has no access to his legal materials, and is taking four psychotropic medications. *Id.* at 1. Plaintiff explains that due to these circumstances he planned to file a motion for appointment of counsel. *Id.* In the declaration supporting the motion for a continuance, Plaintiff explains that he needs counsel due to the factors above and because the issues in the case were "too complexed [sic] to understand." *Id.* at 2.

        On January 28, 2009, Plaintiff filed a "Motion for Appointment of Counsel" (Doc. No.

1

40).  In this motion, Plaintiff argues that counsel should be appointed because he is in the mental health delivery system and taking four psychotropic medications.  *Id.* at 2.  He also argues that the issues in the case are becoming too difficult for him to comprehend and that an individual who had been assisting him is being discharged from administrative segregation and, presumably, unable to continue to assist him.  *Id.*  Finally, Plaintiff maintains that because he is indigent, he cannot afford an attorney.  *Id.*  For the reasons discussed below, the Court grants Plaintiff's motion to appoint counsel (Doc. No. 40), but denies Plaintiff's motion for a continuance (Doc. No. 39).

"The court may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  The Ninth Circuit provides that a court may appoint counsel under this section if there are "exceptional circumstances."  *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991).  "'A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'  Neither of these factors is dispositive and both must be viewed together before reaching a decision.'"  *Id.* (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986) (citations omitted) (section 1983 action)).

This court has reviewed the likelihood of success and complexity of Plaintiff's action.  The issues presented in this case pertain to allegations of constitutional violations under the First and Fourteenth Amendments.  At this point in time, Plaintiff has shown that he has a likelihood of success on these claims.  More importantly, however, the court believes that Plaintiff's current placement in administrative segregation as a patient in the mental health delivery system, without access to his legal materials, augurs in favor of appointing counsel.  Also weighing in favor of appointing counsel is the fact that Plaintiff is taking four psychotropic medications that may have an impact on his ability to comprehend the issues in this case and articulate his claims.  Therefore, the court finds that it is in the interest of justice and exceptional circumstances exist that warrant appointment of counsel.

Because the court is appointing counsel in this matter, the bases for Plaintiff's motion for a continuance (Doc. No. 39) no longer apply and the motion is, accordingly, DENIED.

Plaintiff's motion for the appointment of counsel (Doc. No. 40) is GRANTED, and IT IS HEREBY ORDERED THAT:

1. Jason Yurasek, State Bar No. 202131, and Joren Bass, State Bar No. 208143, both voluntary attorneys, are appointed as counsel for Plaintiff.

2. Messrs. Yurasek and Bass shall familiarize themselves with the documents on file in this case. An Amended Scheduling Order (Doc. No. 36) has been issued in this case and discovery shall remain ongoing, however, Plaintiff's counsel may make any motions necessary, on or before Friday, February 20, 2009.

DATED: February 6, 2009

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation